# Exhibit 6



May 4, 2023

Emilio Valentine
4249 N. Ridgeway Ave.
Chicago, IL 60618

Via Email: emiliovalentine90@gmail.com

Re: Non-Competition Election Notice & Continuing Obligations

Dear Emilio:

On behalf of Eagle Seven, LLC ("Eagle Seven" or the "Company"), this letter confirms that your last day with the Company will be May 2, 2023.

Additionally, this letter serves as a formal notice that the Company has elected to enforce the ten (10) month non-competition period as provided for in Section 4.2 of your Restrictive Covenant and Employee Work Made for Hire Agreement, executed on or about February 3, 2011 (the "Agreement").

Eagle Seven will construe your non-competition as starting on May 3, 2023 and ending  March 2, 2024 (the "Restricted Period"). Eagle Seven will pay you your pro rata share of your base salary, not to exceed $10,000 per month, during the Restricted Period so long as you do not violate any of your obligations during the Restricted Period. Upon request from the Company, you will be asked to provide a signed affidavit of your compliance under this Agreement from time to time. Eagle Seven retains the right to terminate the enforcement of the Restricted Period upon 14 day written notice to you.

During your Restricted Period, you shall not engage, directly or indirectly, in any Competitive Activity as defined in the Agreement. Competitive Activity is defined in Section 4.2(c) of the Agreement as (a) engaging in the business of acquiring, disposing of, spreading, arbitraging and otherwise trading, whether long or short or directly or indirectly in any security, commodity, futures contract, security futures contract, forward contract, foreign exchange commitment, swap contract, exchange-for-physical, or spot (cash) commodity, option, warrant or other right on or pertaining to any of the foregoing or any other financial product or financial instrument employing a trading strategy similar to any trading strategy employed or actively planned to be employed by the Company or any of its affiliates during the period in which Employee was employed by the Company; (b) the creation, development, implementation, distribution, ownership or exploitation of intellectual property and/or technology (including, but not limited to, trading infrastructure, databases, trading strategies, algorithms and software) for use in connection with trading or other activities related to any trading strategy similar to any trading strategy employed or actively planned to be employed by the Company or any of its affiliates during the period in which

Employee was employed by the Company; and (c) any other business activity that the Company or any of its affiliates engaged in, or actively planned to engage in, during the period in which Employee was employed by the Company.

Further, Eagle Seven wants to highlight your continuing obligations to the Company regarding Confidential Information. Confidential Information is defined in the Agreement in Section 2.1 as (a) trade secrets and other non-public information relating to the Company or its affiliates, which may include, but not be limited to: trading or investment strategies, methodologies and results; trading or investment systems; investment or investment instrument positions of the Company or its affiliates; risk management models; revenue models; quantitative and other strategies and methodologies, procedures and techniques; business plans and strategies, pricing and other financial information; lists of investors, clients, vendors and suppliers of the Company or its affiliates; any confidential information of any such investors, clients, vendors or suppliers; the source code and any non-public information or data comprising or related to the Work (as defined in Section 1.1 of the Agreement); and other proprietary technologies and processes and other proprietary information used by the Company or its affiliates in connection with their respective businesses and/or which the Company or any of its affiliates is obligated to any third party to maintain as confidential, and (b) any information concerning the Company's or its affiliates' investment or trading performance, including the profits and losses therefrom, return on investment and other performance or "track record" information.

The Company considers its Confidential Information to be vital to its business, and accordingly, the Company takes the protection of this Confidential Information very seriously and will aggressively seek to pursue all possible remedies for any misuse, misappropriation, or disclosure thereof.

Eagle Seven also wants to remind you of your other continuing obligations under the Agreement. The following sections among others of your Agreement remain in full force and effect:

- Non-Disclosure and Use of Confidential Information (Section 2)
- Eagle Seven's Ownership of Confidential Information (Section 2.3)
- Non-Solicitation of Employees, Clients, and  Business Partners for 12 Months (Section 4.1)
- Non-Disparagement of the Company or any of its Principals, Officers, Employees, Partners, or Services (Section 4.3)
- Obligation to Disclose Agreement to Future Employers (Section 5)

Please note, with respect to Section 5, at least five (5) business days prior to commencing any such new employment or engagement, you are also obligated to notify the Company of the identity of your employer and supply a general description of your new job and duties.

The covenants in your Agreement are reasonable and necessary for the protection of the Company's business interests and would cause the Company irreparable injury, and as such, injunctive relief, in addition to any other equitable relief that may be available to the Company, is appropriate.

Finally, Eagle Seven wants to remind you that any Company property and/or information that still may be in your possession should be immediately returned back to the Company at 550 W. Jackson Blvd., Suite 1400, Chicago, IL 60661. This includes all property, tangible or intangible, relating to its business and in any way embodies, comprises, incorporates, or reflects any Confidential Information, which you possessed or had control over at any time, including but not limited to building or office access cards, keys, computer equipment, manuals, files, documents, records, software, and other data. Unless otherwise agreed to in writing by the Company, you are prohibited from retaining any copies, compilations, extracts, excerpts, summaries, or other notes of any such manuals, files, documents, records, software, or other data.

If you have you have any questions, please contact Sherry Chu in Human Resources at 312.801.8508 or schu@eagleseven.com. Otherwise, please return a countersigned copy of this letter acknowledging that you have received, reviewed, and understand this letter and your Agreement at your earliest convenience to Human Resources.

We appreciate your service to the Company and wish you the best in your future endeavors.

Sincerely,

Stuart Shalowitz
General Counsel

I acknowledge that I received, reviewed, and understand this letter and my signed Restrictive Covenant and Work Made for Hire Agreement.

_____         _____
Emilio Valentine                                          Date